UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS LEE FRITZ,
    Plaintiff,

v.

JENNA SHERRI FRITZ, et al.,
    Defendants.

Case No. 15-cv-00289-HSG (PR)

**ORDER OF DISMISSAL**

On January 21, 2015, plaintiff, an inmate at the Elmwood Correctional Facility in Milpitas, California, filed the above-titled pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

1   which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in
2   order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5   Factual allegations must be enough to raise a right to relief above the speculative level." Bell
6   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
7   must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

8   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10  the alleged violation was committed by a person acting under the color of state law. See West v.
11  Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that defendants, various officials of the San Jose Police Department, Office of the Santa Clara County District Attorney, Federal Bureau of Investigation, and United States Federal Probation Department, violated his constitutional rights by fabricating false evidence against him, withholding exculpatory evidence, and engaging in otherwise vindictive prosecution in connection with his prosecution on criminal charges. It appears from the complaint that he was convicted of sex offenses and that he served time at the Federal Detention Center in San Antonio, Texas. On February 11, 2015, he filed a habeas petition in this court challenging the conviction. See Fritz v. United States of America, C 15-645 DMR (PR). He seeks money damages.

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. A claim for damages arising from a

2

conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id.

If plaintiff's claims that defendants violated his constitutional rights by withholding exculpatory evidence and fabricating false evidence are proven true, this would imply the invalidity of his conviction. It is clear the conviction has yet to be invalidated. Until then, the claims are barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him); Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (claim for damages for alleged illegal search and seizure of evidence upon which criminal charges are based is barred by Heck), overruled on other grounds by Wallace v. Kato, 549 U.S. 384 (2007), as stated in Kucharski v. Leveille, 526 F.Supp.2d 768, 774 (E.D. Mich. 2007).

In his complaint, plaintiff also names as a defendant Jenna Sherri Fritz, who he identifies as the "complainant/victim." Complaint at 2. The complaint includes no facts whatsoever linking this defendant to any of plaintiff's claims. In any event, any claims against Jenna Sherri Fritz cannot proceed under 42 U.S.C. § 1983 because private individuals and entities do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Finally, as noted above, certain of the defendants named are federal government actors. Claims for civil rights violations against the federal government and federal government actors, are cognizable under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), not under 42 U.S.C. 1983. The rationale and conclusion of Heck apply in cases brought under Bivens. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

In sum, under Heck, plaintiff cannot bring his claims until and unless he can show that his conviction has been overturned or otherwise called into question. Accordingly, the complaint will be dismissed. This dismissal is without prejudice to plaintiff filing a new action if his criminal conviction is ever set aside. The dismissal is also without prejudice to plaintiff filing a section 1983 claim "related to rulings that will likely be made in a pending or anticipated criminal trial, " as opposed to an extant conviction. See Wallace, 549 U.S. at 393-94 (rationale of Heck applies only if there is an existing conviction).

|   |   |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the forgoing reasons, this action is DISMISSED without prejudice. |
| 3 | The Clerk shall terminate all pending motions, enter judgment, and close the file. |
| 4 | **IT IS SO ORDERED.** |

Dated: 3/10/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge